UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-20196-CR-KING/BANDSTRA

UNITED STATES OF AMERICA,

vs.

YIMMI BELLAIZAC-HURDADO,,
PEDRO FELIPE ANGULO-RODALLEGA,
ALBERIRO GONZALEZ-VALOIS, a/k/a "Tocayo,"
and LUIS CARLOS RIASCOS-HURTADO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on [Yimmi Ballaizac-Hurtado's] Motion to Dismiss Indictment Based on Lack of Jurisdiction and Unconstitutionality of the Statute (D.E. 61) filed on January 14, 2011.[1] On January 18, 2011, this motion was referred to the undersigned for appropriate proceedings by the Honorable James Lawrence King pursuant to 28 U.S.C. §636(b). Accordingly, the undersigned conducted a hearing on this motion on January 20, 2011. Thereafter, the Court received additional memoranda of law from both the government and the moving defendants. Following careful review of the pleadings, the court file, and applicable law, and in consideration of oral argument of counsel, the undersigned recommends that Defendant's Motion to Dismiss Indictment

---

[1] All three co-defendants have moved to adopt/join in this motion on the basis that they have identical standing to raise the jurisdictional and constitutional issues raised therein. The undersigned has granted these motions to adopt so. That all four defendants are now referred to as "moving defendants" in this Report and Recommendation.

[Etc.] be DENIED.

## PROCEDURAL HISTORY

On March 25, 2010, a federal grand jury in Miami, Florida, returned an indictment charging Yimmi Ballaizac-Hurtado and his three co-defendants with conspiracy to possess a controlled substance (cocaine) and possession of a controlled substance within intent to distribute in violation of Sections 70506(a) and (b) of the Maritime Drug Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70502 et seq., and 21 U.S.C. § 960(d)(1)(B). The government has proffered and evidence has been previously introduced at a suppression hearing in this case revealing that defendants were aboard a fishing vessel first observed traveling at night just off shore the country of Panama - - within the territorial waters of that country. The government has further proffered that this vessel was pursued and stopped by Panamanian law enforcement officials who suspected that the vessel was being used to transport a large quantity of cocaine. The government further proffers that evidence at trial will prove that all of four defendants were aboard the subject vessel before it was stopped in Panamanian waters after which they abandoned the boat. Defendants were subsequently arrested in Panama and transported to the United States with the consent of Panamanian authorities for prosecution here.

Defendants had moved to dismiss the indictment on two grounds. First, defendants argue that this Court lacks jurisdiction over in this case under the MDLEA because the subject vessel in which they allegedly traveled was within the territorial waters of either Colombia or Panama during the "entirety of the alleged criminal activity" with no evidence that the drugs found aboard the vessel were destined for the United States. Second, defendants argue that the MDLEA, if found to support this Court's jurisdiction, is

2

unconstitutional as applied here because Congress' power under Article 1 of the United States Constitution to punish felonies on the high seas does not encompass the power to prosecute a drug trafficking offense that took place between two foreign nations where their arrests were not made in international waters.

The government opposes dismissal arguing that this Court has jurisdiction under Section 70502(a)(1)(E) of the MDLEA which defines "a vessel subject to the jurisdiction of the United States" to include a vessel "in the territorial waters of a foreign nation" if that nation consents to the enforcement of United States law by the United States. Second, the government contends that the MDLEA is not unconstitutional as applied here because Congress has the authority to extend United States jurisdiction into territorial waters of another country under the "law of the nations" provision of the "high seas and felonies" clause found in Article 1 of the United States Constitution.

While disagreeing on both issues, the government and defendants agree that this is a case of first impression under the unique facts of this case.

## ANALYSIS

A. Jurisdiction Under the MDLEA

Defendants first move for dismissal on the ground that the fishing vessel on which they allegedly traveled was not a "vessel subject to the jurisdiction of the United States" because that vessel was within the territorial waters of either Colombia or Panama "during the entirety of the alleged criminal activity in this case." Motion, pg. 2. Defendants argue that the vessel's voyage originated in Colombia and that there is no allegation or proof that the vessel traveled in international waters or that the drugs allegedly found aboard that

3

vessel were destined for the United States. Defendants contend that they were arrested in Panama without any allegation that "this case bears any relationship at all to the United States" so that this Court lacks jurisdiction under the MDLEA.

The government responds by noting that defendants are charged under 46 U.S.C. §70503(a) which provides in relevant part:

> (a)... An individual may not knowingly or intentionally ... possess with intent to ... distribute a controlled substance on board - -
>
> (1) a vessel ... "subject to the jurisdiction of the Untied States" ....
>
> (b) [This prohibition] ... applies even though the act is committed outside the territorial jurisdiction of the United States.

The government further relies on Sections 70502(c)(1)(A) and (E) of the MDLEA which define a "vessel subject to the jurisdiction of the United States" to include:

> (A) a vessel without nationality; [and]
>
> (E) a vessel in the territorial waters of a foreign nation if the nation consents to the enforcement of United States law by the United States; ....

The government then offers a Certification from the United States Department of State dated January 13, 2011, which sets forth facts concerning the interdiction of defendants' vessel in Panamanian territorial waters on March 2, 2010. Moreover this Certification establishes that the Government of the United States has determined that the vessel was without nationality for purposes of 26 U.S.C. §70502 (d)(1); and that Panama by Diplomatic Note dated April 9, 2010, consented "to the enforcement of the United States law by the United States" with respect to this case as provided for in 46 U.S.C. §70502 (c)(1)(E). Thus, the government maintains that this Court has statutory jurisdiction over this case

4

pursuant to these provisions of the MDLEA.

Reviewing the jurisdictional issue, the undersigned finds that defendants' vessel was "subject to the jurisdiction of the United States" as a "vessel without nationality" under 46 U.S.C. §70502(c)(1)(A); and as a vessel "in the territorial waters of a foreign nation" (Panama) which has consented to the enforcement of United States law here as provided for under 42 U.S.C. § 70502(a)(1)(E). Defendants offer no evidence to refute the government's allegation of "statelessness" of the vessel or to challenge the authority of the State Department's Certification establishing Panama's official consent for prosecution of this case in the United States. Accordingly, the undersigned finds no basis to dismiss this case based on lack of statutory jurisdiction under the MDLEA.

B. <u>Constitutionality of the MDLEA as Applied in this Case</u>

Defendants next contest the constitutionality of the MDLEA as applied to their alleged criminal conduct on the ground that the Congress lacked the authority to extend the jurisdiction of the United States to vessels such as theirs only observed and interdicted in the territorial waters of Panama, without any evidence that the cocaine allegedly aboard the vessel was destined for the United States. Essentially, defendants maintained that the MDLEA rests on Congress' authority under article I, section 8, clause 10 of the Untied States Constitution which is limited to felonies occurring aboard vessels on the high seas. Here, defendants contend, the charged offenses involve transportation of cocaine between Colombia and Panama only with no allegation or proof that the subject vessel traveled in international waters before being interdicted in Panama. Defendants note that this is an issue of "first impression" in that no reported judicial decisions involved a constitutional challenge to United States jurisdiction over a vessel located in the territorial waters of

another country involving offenses which bear no nexus to the United States.

The government concedes that this a case of first impression and that Congress' authority to enact the MDLEA rests on the "piracy and felonies on the high seas" provision of the United States Constitution. In its initial response, the government simply noted that federal courts including courts in this circuit have uniformly rejected this same argument finding that the MDLEA has no requirement of a nexus between a defendant's criminal conduct and the United States. See e.g., *United States v. Estupinan*, 753 F.3d 1336, 1338 (11th Cir. 2006); see also, *United States v. Rendon*, 354 F.3d 1320, 1325 (11th Cir. 2003). In subsequent briefings, the government addresses the "territorial waters" aspect of this case and contends that the authority of Congress for this provision of the MDLEA is found in the "offenses against the law of the nation" clause contained in Article I, section 8, clause 10 of the Constitution.

Article I, Section 8, Clause 10 of the United States Constitution, sometimes referred to as the "High Seas Clause", provides that Congress shall have power

> To define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations;

In *United States v. Garcia*, 182 Fed. Appx. 873 (11th Cir. 2006), the Eleventh Circuit Court of Appeals upheld the constitutionality of the MDLEA as a proper exercise of congressional power under the "High Seas Clause" in a case involving the seizure of cocaine aboard a vessel intercepted and boarded in international waters. In so ruling, the court affirmed earlier decisions rejecting arguments that the MDLEA is unconstitutional because the criminal conduct at issue lacked a nexus to the United States. See *United States v. Rendon*, supra; *United States v. Mena*, 863 F.2d 1522, 1527 (11th Cir. 1989) (rejecting

facial challenge to the MDLEA based on a lack of a "meaningful relationship" to the United States); *United States v. Stuart-Caballero*, 686 F.2d 890, 891 (11th Cir. 1982) (per curiam) (rejecting facial challenge to predecessor statute of the MDLEA for lack of a nexus requirement). These and other cases have clearly established the constitutionality of the MDLEA in cases involving drugs found on vessels intercepted in international waters.

The instant case, however, presents a different but related issue, that is, the constitutionality of the MDLEA when charged in a case involving a vessel first found in the territorial waters of a foreign state. More specifically, the Court must decide whether such a prosecution is constitutionally permitted under the "offenses against the law of nations" clause as urged by the government here. While not specifically addressed in *Garcia, supra*, the Eleventh Circuit noted that the district court decision below found that drug trafficking "constituted an offense against the law of nations" and thus empowered Congress to criminalize it pursuant to that clause. The district court's unpublished decision in *Garcia* appears to be consistent with the Eleventh Circuit's prior decision in *United States v. Tinoco*, were the Appellate court noted "that Congress, under the 'protective principle' of international law may assert extraterritorial jurisdiction over vessels in the high seas that are engaged in conduct that 'has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems.'" 304 F.3d 1089, 1108 (11th Cir. 2002) (quoting *United States v. Gonzalez*, 776 F.2d 931, 939 (11th Cir. 1985). Once again, however, the undersigned notes that *Tinoco*, and all other decisions upholding the facial constitutionality of the MDLEA have involved vessels located on the high seas.

More recently, the district court in *United States v. Salcedo-Ibarra*, 2009 WL 1953399 (M.D. Fla.) (*Whittmore, J.*), reviewed the MDLEA in another "high seas" situation and found it constitutional despite the lack of a nexus between defendant's alleged conduct and the United States. Most significant to the instant case is the Court's discussion of the MDLEA and its constitutional base:

> The MDLEA is a constitutional exercise of extraterritorial jurisdiction pursuant to the Define and Punish Clause, under the "protective principle" of international law, *Tinoco*, 304 F.3d at 1110. Likewise, as applied to foreign nationals such as Defendant, the MDLEA is constitutional. *Estrada Obregon*, 270 Fed. Appx. at 979. International drug trafficking, as proscribed by the MDLEA, is universally condemned as an offense against the "Law of Nations" and presents a specific threat to the security and societal well-being of the United States. *United States v. Estupinan-Estupinan*, 244 Fed. Appx. 308 (11th Cir. 2007). Just as trafficking in narcotics on the high seas is considered an offense against the "Law of Nations," including the United States, likewise, conspiring to traffic in narcotics on the high seas constitutes such an offense.

Id. at *3. While *Salcedo-Ibarra* is a "high seas" case and not "directly on point" as contended by the government, the undersigned finds support in that decision for the government's position that the MDLEA is grounded on the "law of nations" language in Article 1, Section 8, Clause 10 and need not be restricted to "high seas" cases as urged by defendants in this case.

In summary, the undersigned finds no clear authority directly on point involving the circumstances of this case. This truly appears to be a case of first impression involving the constitutionality of the MDLEA as applied in a "territorial waters" context. Still, the undersigned finds that several cases cited above have recognized that the MDLEA is constitutionally grounded on the "law of nations" provision in the subject clause in that drug

8

trafficking is "universally condemned" by various nations with "reasonably developed" legal systems. See *United States v. Rendon*, 354 F.3d at 1325. As explained in *Rendon*, "Congress enacted the MDLEA because drug trafficking aboard vessels (1) 'is a serious international problem and is universally condemned' and (2)" 'presents a specific threat to the security and societal well-being of the United States.' "46 U.S.C. App. §1902. Thus, the undersigned concludes that the extraterritorial provisions of the MDLEA, including the "territorial waters of a foreign nation" provision contained in Section 70502(a)(1)(E), should not be found unconstitutional as applied to this case.

## **RECOMMENDATION**

For all of the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss Indictment Based on Lack of Jurisdiction and Unconstitutionally of the Statute be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Court Judge, within ten (10) days of the receipt. See 28 U.S.C. § 636(b)(1)(c); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), cert. Denied, 460 U.S. 1087 (1983); and

*Hardin v. Wainwright*, 678 F.2d 589, 592 (5th Cir. Unit B. 1982); see also *Thomas v. Arn*, 474 U.S. 140, 153 (1985).

RESPECTFULLY SUBMITTED in Miami, Florida this 11th day of February, 2011.

_____
TED E. BANDSTRA
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable James Lawrence King
All counsel of record